Wilhelmina Lockett, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Thomas Jefferson University Hospital, Intervenor.

Submitted on briefs, December 14, 1981, to Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

318

*Stanley J. Sinowitz,* for petitioner.

*Doreen S. Davis, Obermayer, Rebmann, Maxwell & Hippel,* for intervenor.

OPINION BY JUDGE MACPHAIL, January 29, 1982:

Wilhelmina Lockett (Claimant) was employed as a food service worker by Thomas Jefferson University (TJU). On October 12, 1979 she injured her foot and was sent to the TJU compensation clinic. When she did not return to work, TJU sent her a mailgram requesting she contact her supervisor concerning the reason for her absence. Claimant responded to that communication. A few days later Claimant's supervisor sent a letter advising Claimant that if she expected to continue to be absent from work, she should apply for a leave of absence. A form to apply for such leave was sent to Claimant on November 14, 1979 with a cover letter which stated in part that if Claimant failed to return the form by November 21, her continued absence would be construed as a voluntary termination of employment. The form was not returned and on November 26, 1979, TJU informed Claimant by letter that her services were terminated as of that date because she had failed to file the application.

Claimant then filed a claim for unemployment compensation benefits, which claim was denied by the Bureau (now Office) of Employment Security, the referee and the Unemployment Compensation Board of

Review (Board) by reason of Claimant's willful misconduct.[1] This appeal followed.

At the hearing before the referee Claimant admitted receiving the various communications but said she did not respond because 1) she did not receive the form until November 20, 2) she did not understand why the form was necessary and 3) she had placed the matter in the hands of her union. Neither the referee nor the Board found that the reasons for the Claimant's noncompliance with her employer's request were justifiable or reasonable under the circumstances. The instant case is strikingly similar to *Bajor v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 401, 390 A.2d 890 (1978) where Judge MENCER said in an opinion denying unemployment compensation benefits:

> Claimant's emphatic refusal to comply with her employer's request that she apply for a leave of absence ... in the face of a warning that it could lead to her discharge ... demonstrates a conscious disregard of employer standards of behavior which he has a right to expect and of which claimant admitted having actual knowledge.

*Id.* at 405, 390 A.2d at 892. The reason set forth in *Bajor* for claimant's noncompliance (illness) had a great deal more merit than the reasons set forth by the Claimant in the instant case.

Order affirmed.

## ORDER

AND Now, this 29th day of January, 1982, the order of the Unemployment Compensation Board of Review in Appeal No. B-80-1-R-266, dated June 12, 1980 deny-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

ing unemployment compensation benefits to Wilhelmina Lockett, is affirmed.

Judge PALLADINO did not participate in the decision in this case.